UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELISE HILTON AND ED HILTON**, as
Next Friend of E. H. a disabled adult
        Plaintiff,                            Case No.: 1:13-cv-00727

                                                             Hon.: PAUL L. MALONEY

v.

**CITY OF GRAND RAPIDS, HOPE
ACADEMY OF WESTERN MICHIGAN,
HEIDI CAITE**, individually and in her official
capacity as Superintendent, **PHILLIP HAACK,**
individually and in his official capacity as Principal,
and **JANE DOE**, individual and in her official
capacity as school employee, **MARC MILLER**,
Individually and in his official capacity as a Detective
for the Grand Rapids Police Department, **JOHN DOE,**
Individually and in his or her official capacity as a supervisor/
Trainer for the Grand Rapids Police Dept.
        Defendants.

| | |
|---|---|
| **Joni M. Fixel** | **Drew F. Seaman** |
| **Erin A, Graham** | **Sarah Hartman** |
| Fixel and Nyeholt, PLLC | Straub, Seaman & Allen, P.C. |
| Attorneys for **Plaintiff** | Attorneys for **Defendant Hope Academy** |
| 4084 Okemos Rd., Ste B | 1014 Main Street., PO Box 318 |
| Okemos, MI  48864 | St. Joseph, MI  49085 |
| (517) 332-3390 | (269) 982-7721 |
| jfixel@fixellawoffices.com | shartman@lawssa.com |
| egraham@fixellawoffices.com | dseaman@lawssa.com |
| | |
| **Dennis D. Alberts** | **Margaret P. Bloemers** |
| Ogne, Alberts & Stuart, P.C. | Assistant City Attorney |
| Attorney for **Defendants Heidi Cate** | Police Legal Advisor/Director of Civil Litigation |
| and **Phillip Haack** | **Patrick J. Lannen** |
| 1869 E. Maple Rd. | Assistant City Attorney |
| Troy, MI  48084 | **Kristen Rewa** |
| (248) 362-3707 | Assistant City Attorney |
| dalberts@oaspc.com | Attorneys for **Defendants City of Grand Rapids** |
| | **Marc Miller and John Doe** |
| | 300 Monroe Ave, NW, Ste 620 |

1

>Grand Rapids, MI  49503
>(616) 456-4026
>mbloemer@grcity.us
>plannen@grcity.us
>krewa@grcity.us

## STIPULATED PROTECTIVE ORDER

Pursuant to the agreement and stipulation of the parties, and in order to expedite discovery and to protect the confidential status of certain sensitive information which may be disclosed during discovery, the parties shall be bound by the terms of this Order throughout the pendency of this action, including until such time as this Agreement is approved by the Judge or this Agreement is entered, and following the termination of this action.

IT IS HEREBY ORDERED THAT the following provisions and conditions shall apply to all Confidential Material in the above-captioned matter:

1. <u>Definition of Confidential Material</u>.  To protect particularly sensitive information, the parties agree to consider certain designated records to be "Confidential" pursuant to the procedures set forth in this Agreement ("Confidential Material").
"Confidential Material" shall be defined as:

   a. Personal financial information, such as Plaintiff's tax returns or other similar documents.

   b. Any un-redacted document containing personal identifying information of any person that may be deemed private under state, or federal law, including name, date of birth, address, drivers license number, Social Security Number, bank account numbers, or other similar information deemed private under state or federal law.

   c. Personal medical files including all HIPAA related medical files regardless of when and where they are kept;

   d. Policies and procedures of City of Grand Rapids Police Department which may be exempt under state or federal law;

   e. Investigative documents and files prepared by City of Grand Rapids Police Department, that may be relevant to any claims and defenses in this case to the extent that these document, or parts of documents, are deemed confidential or disclosure would constitute a clearly unwarranted invasion of a person's right to privacy under state or federal law;

2

    f.   Any documents which are exempt from disclosure under the Michigan Freedom of Information Act, MCL 15.231 et seq.

    g.   Any and all policy and procedure information utilized in the operation of Hope Academy which may be considered proprietary in nature.

    h.   Any and all personal information of the individual Defendants Phillip Haack, Heidi Caite and Marc Miller in the event that such information may be requested to be disclosed.

    i.   Entire name of Plaintiff in this case. To prevent disclosure all references to Plaintiff will continue to reflect E.H.

    2.   <u>Manner of Designation of Confidential Material</u>.  With respect to Confidential Materials, the Designating Party shall employ a method sufficient to provide notice to anyone examining or reviewing the Confidential Material that it has been designated Confidential Material. Materials designated as Confidential Material shall, if in documentary form and copied for production, be stamped or designated "Confidential" on each page containing Confidential Material and maintained and disclosed subject to the provisions of this Agreement or, if the material is voluminous, the material shall be set apart in a distinct envelope or other similar package and clearly labeled "confidential."  After a document has been produced, any party may designate such documents as Confidential Material by serving written notice on all other parties that the documents are Confidential Material and submitting substituted copies of the documents marked with the "Confidential" legend.

3.   <u>Persons to Whom Confidential Material May be Disclosed</u>.  Except as otherwise provided herein, all Confidential Material shall be used solely for the prosecution and defense of the claims in this action.  Unless the Court for good cause shown rules otherwise, Confidential Material shall not be disclosed to any person other than the following individuals:

    (a)   the Court, its officers, personnel (including stenographic reporters), and other necessary parties of the court during the pendency of this action;

    (b)   counsel for the parties in this action, including members, associates, and employees of their law firms, and in-house counsel;

    (c)  the clerical and paralegal staff of counsel for a party in this action and such staff of in-house counsel;

    (d)  witnesses at deposition, arbitration hearing, or trial;

    (e)  experts, consultants or professional vendors retained by any party to assist in this litigation; and

    (f)  the parties to this action and their respective representatives, agents, commissioners, managers, officers, directors, partners, and employees who are assisting with or making decisions concerning the prosecution or defense of this Litigation, for use only for purposes of this action and not for any business or competitive purposes; and

    **(g)**  representatives of insurance entities involved in the claims handling of this matter for any party,.

Upon disclosure to any person identified in sub paragraphs a-f above, said person shall be apprised that the material is Confidential and that the material shall not be disclosed by him or her to any other person not included within subparagraphs (a) through (g) of this paragraph 3, except as otherwise agreed to in writing by the parties or as permitted by subsequent Agreement.

    The use of any Confidential Material in the examination in deposition shall not be deemed "disclosure" for purposes of this Agreement, provided, however, that only persons to whom revelation of such Confidential Material is authorized hereunder may be present during such use.

    The use of any Confidential Material at trial shall be the subject of separate Agreements or rulings by the Judge.

    4.    <u>Filings Containing Confidential Material to be Under Seal</u>.  Parties shall seek leave to file under seal any document containing Confidential Material pursuant to W.D.Mich LCivR 10.6. In Lieu of seeking leave to file an entire document under seal, parties shall, to the extent possible, incorporate Confidential Material in a separate document and seek leave to file only that document under seal.

    5.    <u>Designation of Transcripts</u>.  In accordance with this Agreement, counsel for any party may designate that all, or specific portions, of the transcript and exhibits of a deposition shall be

4

subject to the provisions of this Agreement to the extent that it contains Confidential Material. Such designation shall be made on the record of the deposition or within fourteen (14) days after the party's receipt of the transcript of the deposition and promptly communicated to counsel for all parties. Where a transcript or such specific portions of a transcript are so designated, they and all portions of the transcripts of such depositions and all exhibits which refer or relate to such Confidential Material, shall be deemed to be Confidential Material and subject to the terms and restrictions of this Agreement.

6. <u>Disputes Concerning the Propriety of Confidentiality Designations</u>. Whenever a party objects to the designation of any material as Confidential Material, it shall first attempt, by transmitting notice of the dispute to the designating party via writing or electronic mail, within 30 days of service of the material, to resolve the dispute as to the designation. If the designating and objecting party are not able to agree as to the status of the material as Confidential then either party may petition the Court for a ruling that the material shall not be so treated within 45 days of the initial service of the designated Confidential Material in question. Until the Court enters an order changing or removing the designation, the Material shall be treated as Confidential Material as provided for in this Order.

7. <u>No Waiver of Rights and Obligations</u>. Nothing contained in this Order shall affect the right of any party to make any objection, claim, or other response to interrogatories, requests to admit, requests for production of documents, or to any questions at deposition. Furthermore, this Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party with respect to any Material produced in this action.

8. <u>No Restriction on Use of Own Materials</u>. Nothing in this Order shall prejudice the Parties' right to make any use of, or disclose to any person, any of their own designated Confidential Material without prior Agreement, or to waive the provisions of this Agreement with respect to its Confidential Material protected from unauthorized disclosure under this Agreement.

9. <u>Notice Upon Receipt of Subpoena</u>. If a Party or counsel for a party is served with a subpoena (or other process) for any Confidential Material protected from disclosure under this Agreement, the person so served shall give to counsel for the other parties seven (7) days' notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, of the existence and service of the subpoena and provide a copy of the subpoena (or other process) to the other parties before producing any such Confidential Material.

10. <u>Inadvertent Disclosure of Confidential Material</u>. Inadvertent disclosure of Confidential Material (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein. In the event of any such inadvertent disclosure, once it has been determined that Confidential Material has been inadvertently disclosed and this fact is communicated to the party to whom the Confidential Material was disclosed, the receiving party shall refrain from copying or disseminating the Confidential Material and shall treat the material so identified as Confidential under this Order.

11. <u>Custody of Confidential Materials</u>. All Confidential Material designated and/or produced in accordance with this Agreement shall be maintained in a secure location with reasonable measures being taken by the party with custody of such Confidential Material to ensure the confidentiality of such information in accordance with the terms of this Agreement. "Reasonable measures" shall not be interpreted to require any measures in excess of the normal duties imposed on an attorney with respect to the safekeeping of their own client's documents and property. In the event of a disclosure of Confidential Material to a person not authorized to have had such disclosure made to him or them under the provisions of this Agreement, the party responsible for having made or allowed such disclosure shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to retrieve from

6

the unauthorized person all copies of the disclosed Confidential Material and to ensure that no further or greater unauthorized disclosure of the Confidential Material is made.

12.     No Waiver or Admission. Nothing in this Agreement, or any designation or declaration pursuant to this Agreement, shall constitute, or be used by any party as, an admission by a party opponent.

13.     Disposition of Confidential Material Upon Final Termination of this Action. Within thirty (30) days following the final termination of this action, all persons subject to this Agreement shall, at the instruction of the Designating Party, either return or destroy all Confidential Material (and all documents containing information referring to or derived therefrom), including all copies thereof, to counsel for the Designating Party, except for documents covered by the attorney-client privilege or the attorney work-product doctrine, pleadings filed in this action, transcripts, deposition, trial or hearing exhibits, and discovery responses served, which shall remain subject to the terms of this Agreement. The remaining provisions of this Agreement prohibiting non-disclosure of Confidential Material shall continue in effect after the termination of this litigation. With respect to Confidential Material filed under seal and existing in the Court's case file at the conclusion of this matter, the Designating Party shall, within sixty (60) days after the entry of final judgment and an appellate mandate, if appealed, present to the Court a proposed Agreement specifying whether the Confidential Material sealed is to be (a) returned to the parties or (b) unsealed and placed in the case file.

14.     Amendment/Retention of Jurisdiction.  This Agreement may be modified or amended by Order of the Court for good cause shown or by the written agreement of the parties.

**Approved for Entry**

Dated: July 23, 2015          /s/  Joni M. Fixel
                              Joni M. Fixel
                              Attorney for Plaintiff


Dated: July 23, 2015          /s/ Drew F. Seaman  signed with permission
                              Drew F. Seaman
                              Attorney for the Defendant Hope Academy

Dated: July 23, 2015          /s/ Dennis Alberts, signed with permission
                              Dennis Alberts
                              Attorney for the Defendants Heidi Caite and Phillip Haack


Dated: July 23, 2015          /s/ Kristen Rewa, signed with permission
                              Kristen Rewa
                              Attorney for the City of Grand Rapids, Marc Miller and John Doe


**SO ORDERED**

Dated: July 24, 2015          /s/ Paul L. Maloney
                              Hon. Paul L. Maloney
                              District Court Judge for the Westerm District of Michigan